### HERMAN *v.* HERMAN.

*(Circuit Court, S. D. New York.*  November 15, 1886.)

1. PATENTS FOR INVENTIONS — INFRINGEMENT — ASSIGNMENT AND LICENSE—INJUNCTION AND DAMAGES—PARTY ENTITLED.

    Where a patentee has transferred "the exclusive right to the use of the improvements and rights secured to her by the letters patent," for the whole term of. the patent, "by way of license, and not as transfer of a title to the letters patent," and stipulates to "defend the validity of the patent against all infringements," and, on due notice of infringements, "to proceed to seek to enjoin" such infringement, and to secure such damages as may be reasonable and commensurate with the injury done by such infringement to the rights secured" by the transfer, an action for damages for infringement and injunction should be brought in the transferee's name, as the patentee would not suffer damages by the infringement, and has not made herself liable for the payment of damages, and they would not belong to her if recovered.

2. SAME — PRELIMINARY INJUNCTION — FORMER EMPLOYE — IMPLIED LICENSE—"DAISY HOOD."

    Where the affidavits show that inventor, while employed by a manufacturer as superintendent, had been accustomed to prepare new designs for the use of defendant's business, for some of which he had obtained patents, and that this was part of his employment and duty, and that in the course of such employment he designed the Daisy Hood and applied for a patent therefor, the solicitor's charge for which was paid by defendant, and defendant, for several months, manufactured the design under the inventor's superintendence and by his permission, and without further compensation to him than his salary, and the inventor, having quit defendant's employ, assigned the patent-right in the design to his wife, and organized a new firm for the manufacture of the design, to which his wife assigned the exclusive right to use the patent-right, *held,* that a grant, license, or privilege to use the design was implied from the contract and relation of the parties, and that a preliminary injunction should not be granted.

In Equity.    Bill for injunction and damages.

*Walter R. Leggat,* for complainant.

*Wm. B. Ellison* and *Chas. C. Gill,* for defendant.

BROWN, J.    The complainant seeks to enjoin the defendant against the manufacture and sale of a certain form of "hood" known as the "Daisy Hood," the design for which was invented by her husband,. Isidor Herman, and for which a patent was taken out, in the complainant's name, October 12, 1886.    The defendant does not assail the validity of the patent, but denies the right of the plaintiff to. bring suit in her own name; and also sets up a license in effect for the manufacture of the hood in question.

1. Prior to the commencement of this suit the plaintiff, on the eighteenth October, 1886, transferred to the firm of R. Herman & Co., of which she is also a member, the "exclusive right to the use of the improvements and rights secured to her by the letters patent," for the whole term of the patent. The transfer of the exclusive right is further stated to be "by way of license, and not as a transfer of a title to the letters patent." In the written assignment the plaintiff further stipulated "at all times to defend the validity of the patent against all infringements ; and, on due notice of any infringement, to proceed with all reasonable dispatch to seek to enjoin by all lawful means all such infringements and to secure such damages as may be reasonable and commensurate with the injury done by such infringement to the rights secured" by the transfer; and she thereby charges herself with "defending the rights secured by the patent against any and all infringements." The present suit is for damages for infringement, as well as for an injunction. The stipulation of the plaintiff, above recited, does not bind her, it will be observed, to pay all damages that may accrue to the transferees from any infringements of the patent. She agrees only to defend its validity in case of infringement, and "to seek to enjoin infringements and to secure damages." The exclusive right to the use of the patent having been transferred to the firm of Herman & Co., the complainant did not individually suffer any damages from infringements. Any damages recovered would belong, not to her individually, but to her firm; and, as she has not made herself responsible to the firm for the payment of these damages, the suit should, I think, have been brought in the firm name, though prosecuted in their names, at her expense and charge. Such was the view taken in the case of *Washburn* v. *Gould*, 3 Story, 122, upon covenants substantially the same as those in the present case.

2. The above formal defect of parties might perhaps be remedied by amendment; but upon the merits, as they appear from the bill and the affidavits submitted, there is, I think, too much doubt of any exclusive right in the plaintiff, as against the defendant, to authorize an injunction before the final hearing. *Poppenhusen* v. *Falke*, 4 Blatchf. 493. Isidor Herman, the inventor, had been for several years associated in business with the defendants,—part of the time as partner, and later as a superintendent employed at a large salary. By a contract made in November, 1885, his employment with the defendant was continued for a term of one year from January 1, 1886, at a salary equal to 50 per cent. of the net profits of the business, with the right to draw $7,500 during the year, in consideration of which Isidor Herman agreed "to devote all his time and energy, during the said period, in superintending the manufacturing department of said business, as well as in the buying and selling of goods belonging to said business." His duties were not otherwise specified; but the affidavits submitted show that the duties he had been accus-

tomed to perform embraced the preparation of new designs, many hundreds of which he had prepared for the use of the defendant's business, and for some of which he had obtained patents. I am satisfied that this was a part of the plaintiff's employment and duty; and that the skill, taste, and inventive resource of Isidor Herman in the preparation of new designs were an important part of the consideration of his employment, on which the success of the business was in part deemed to depend; and that it was within the contemplation and expectation of both parties that the defendant should have the right to use in his business all the designs of Isidor Herman made in this department, and in the course of his employment. The design for the "Daisy Hood" was invented by him in 1886, while thus employed, and in the course of his employment. Application for a patent thereon was made by him on the sixteenth of June, 1886. Two days before that date, he had paid to his solicitors $25 for that purpose; and on the same day received a check from the defendant for $35, $25 of which was on account of the solicitor's charge, and entered on the defendant's books, not as a charge against Isidor Herman, but as one of the items of the expenses of the defendant's business. In August following, Isidor Herman left the defendant's employ, without any legal justification, so far as the papers submitted to me disclose; and, having assigned the patent-rights to his wife, he organized a new firm for the manufacture of the "Daisy Hood" and other articles. Before Isidor Herman left the defendant's employ, the defendant had been engaged for several months in manufacturing the "Daisy Hood" under his superintendence, by his permission, and without objection, and without further compensation. The case, as presented upon the affidavits, seems to me to fall within the principles of the decisions in *McClurg* v. *Kingsland*, 1 How. 202, and *Chabot* v. *American Button-hole Co.*, 6 Fish. Pat. Cas. 71, in which a license, special privilege, or grant to use the invention is to be necessarily inferred from the contract, and from the relations and acts of the parties. See, also, *Blanchard* v. *Sprague*, 1 Cliff. 288.

The motion for an injunction should be denied.